IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARY BETH FLOWERS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 1-04-1287-T/An |
| MEMPHIS SLEEP LABS, INC., d/b/a MID-SOUTH SLEEP DISORDER CLINIC, | ) ) ) ) |
|     Defendant. | ) ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Mary Beth Flowers has filed this action against Memphis Sleep Labs, Inc., d/b/a Mid-South Sleep Disorder Clinic, alleging disability discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* More specifically, plaintiff alleges that defendant failed to reasonably accommodate her by denying her employment because of her disability, in violation of 42 U.S.C. § 12112(a). Defendant filed a motion for summary judgment and plaintiff has failed to respond. For the reasons set forth below, defendant's motion is GRANTED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 07-22-05

nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that plaintiff did not respond does not require granting defendant's motion. However, if the allegations of the complaint are contravened by defendant's affidavits and defendant is entitled to judgment as a matter of law on those facts, then summary judgment

2

is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

Plaintiff alleges that Defendant Memphis Sleep Labs, Inc. is a corporation that operates and does business in Madison County, Tennessee, under the trade name Mid-South Sleep Disorder Clinic. Complaint, ¶ 2. Plaintiff further contends that she was an employee of the defendant at all times relevant to the litigation and that defendant is an employer as defined by the Americans with Disabilities Act under 42 U.S.C. § 12111(5)(A), in that the defendant is engaged in an industry affecting commerce and has fifteen or more employees. Complaint, ¶ 7-8. She claims that the defendant intentionally discriminated against her by terminating her because of her disability and refusing to provide employment despite her condition only requiring minimal accommodation. Complaint, ¶ 9. Plaintiff alleges that the discrimination has caused her loss of earnings, loss of work experience, and emotional and mental damages. Complaint, ¶ 11.

Defendant seeks summary judgment on the grounds that: (1) plaintiff has misnamed the defendant; and (2) Louviere Enterprises, Inc., d/b/a Mid-South Sleep Disorder Clinic, plaintiff's actual employer, is not an employer within the definition of the Americans with Disabilities Act.

1.   Plaintiff Misnamed the Defendant.

In response to plaintiff's allegations, defendant submitted proof that Memphis Sleep Labs, Inc. is a corporation that operates and does business in Shelby County, Tennessee, and that Mid-South Sleep Disorder Clinic is actually the trade name of Louviere Enterprises, Inc. which operates in Madison County, Tennessee. Louviere Aff., ¶ 4. Moreover, both parties have now stipulated that Louviere Enterprises, Inc. was plaintiff's employer during all times relevant to the litigation. Louviere Aff., ¶ 4; Flowers Aff., ¶ 2. Therefore, plaintiff has filed suit against the wrong party and the defendant is entitled to summary judgment on this issue.

3

2. Plaintiff's Employer, Louviere Enterprises, Inc., d/b/a Mid-South Sleep Disorder Clinic, is Not an Employer as Defined by the Americans with Disabilities Act.

The Americans with Disabilities Act prohibits an employer from discriminating against a qualified employee because of his or her disability. 42 U.S.C. § 12112(a). An employer is defined as an entity that engages "in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Id. § 12111(5)(A).

Louviere Enterprises, Inc., d/b/a Mid-South Sleep Disorder Clinic has never had more than fifteen employees. Louviere Aff., ¶ 5. In fact, it never had more than five employees while plaintiff was employed. Louviere Aff., ¶ 4; Exhibit 1. Plaintiff has not brought forth any evidence to create a genuine issue of fact on this issue. Therefore, Louviere Enterprises, Inc., d/b/a Mid-South Sleep Disorders Clinic is not an employer liable under the Americans with Disabilities Act and is entitled to summary judgment on this issue.

For the foregoing reasons, the Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law on plaintiff's claim of disability discrimination. Therefore, the motion for summary judgment is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

20 July 2005
DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 1:04-CV-01287 was distributed by fax, mail, or direct printing on July 22, 2005 to the parties listed.

---

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

James S. Haywood
LAW OFFICES OF JAMES S. HAYWOOD, JR.
Brownsville, TN 38012

Latosha Mason Dexter
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

Honorable James Todd
US DISTRICT COURT